# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JASMINE ADAMS** | ) JURY TRIAL DEMANDED |
|     **Plaintiff,** | ) |
| v. | ) Case No. |
| | ) |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) |
| | ) |
|     **Defendant.** | |

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Jasmine Adams ("Plaintiff"), an individual consumer, against Defendant Equifax Information Services, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), stemming from its failure to ensure accurate, complete, and verifiable information on Plaintiff's credit report.

### JURISDICTION AND VENUE

2. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the state of Georgia. This suit arises directly from Defendant's specific conduct with Plaintiff.

## PARTIES

3. Plaintiff is a natural person residing in Georgia.

4. Plaintiff is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

5. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

6. Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

### Plaintiff's October 2025 Consumer Disclosure

8. On or about October 4, 2025, Plaintiff requested a copy of her consumer credit disclosure from Equifax.

9. Pursuant to 15 U.S.C. § 1681g(a), upon receiving Plaintiff's request, Equifax was legally required to provide a clear and accurate disclosure of all information in Plaintiff's file as of the date of the request, with the exception that Plaintiff's Social Security number could be truncated upon request.

10. Equifax furnished an electronic copy of Plaintiff's Consumer Credit Disclosure (hereinafter 'the Disclosure') to her, accessible from her residence in Georgia.

## Equifax's Disclosure Was Incomplete, Unclear, or Inaccurate:

## Omission of Original Creditors

11.     Despite its statutory obligation to provide a complete and accurate disclosure of all information in Plaintiff's consumer file, Equifax's Disclosure omitted critical information required under 15 U.S.C. § 1681g.

12.     The Disclosure reported one account in Plaintiff's consumer file categorized as 'Other,' as evidenced by **Plaintiff's Exhibit A**, attached hereto.

13.     In the Disclosure, Equifax classified accounts labeled as 'Credit Accounts' as those categorized as Revolving, Mortgage, and any other installment loans or open lines of credit, as set forth in **Plaintiff's Exhibit A**, attached hereto.

14.     The accounts appearing in the "Credit Accounts" section were reported by:

- Jefferson Capital, LLC xx7725 ("**JFC**").

15.     JFC is a *Debt Buyer* – a company whose primary purposes are the purchase and collection of debts that were originally owed to third parties.

16.     JFC does not originate credit lines or loans, and as such cannot be considered an original creditor.

17.     However, Equifax disclosed to Plaintiff that JFC were the original creditor of the account, omitting the actual name of the *Original Creditor.*

18. Despite its obligation under 15 U.S.C. § 1681g(a) to provide a complete disclosure of all information in Plaintiff's consumer file, Equifax included a notation in the 'Account Details' section of the Disclosure stating, 'Contact the creditor or lender if you have any questions about it,' as shown in **Plaintiff's Exhibit A**, attached hereto.

19. By including this notation, Equifax improperly deflected its obligation to provide a complete disclosure under 15 U.S.C. § 1681g(a) to Plaintiff, directing her to seek information from elsewhere.

### Omission of Complete Account Numbers

20. To further complicate Plaintiff's review of his consumer report, Equifax omitted the full account numbers, complete payment history, and complete account status information for the following furnishers:

- TILT/FINWISE *Z9RP
- Jefferson Capital LLC *7725
- Dept of ED *3551
- Dept of ED *3651
- Kikoff Lending, LLC *Z7UD
- Bridgecrest Credit Company *1501
- Opensky Capital Bank NA *4545
- Mariner Finance *8118
- SBNASLFLDR *4365

- Credit SYS *2567

- Wakefield & Associates Inc *4511

21. Upon information and belief, the furnishers reported full account numbers to Equifax, and this information existed in Plaintiff's file when he requested Equifax's disclosure.

22. Notably, Equifax includes full account numbers and original creditor names when it provides credit reports to third parties, which demonstrates its capacity to comply with 15 U.S.C. § 1681g(a).

23. By withholding this information from Plaintiff, Equifax breached its statutory duty. Accurate identification of account numbers and original creditors is critical for a consumer to verify, understand, or dispute entries on their credit file. Without these details, Plaintiff was left to guess and try to piece together which debts were being referenced.

24. Although the Disclosure included a 'Collections' section describing general collection reporting, Equifax failed to accurately identify accounts reported by JFC as collection accounts, instead erroneously categorizing them under the 'Credit Accounts' section, as shown in **Plaintiff's Exhibit A,** attached hereto.

25. In addition, Equifax failed to display full account numbers for numerous tradelines.

26. Specifically, ten (10) *Revolving* and *Installment Accounts* were reported without full accounts.

27. Upon information and belief, the data furnishers provided complete account numbers to Equifax for the tradelines in question, which were included in Plaintiff's consumer file at the time she requested the Disclosure.

28. Due to widespread systemic problems, Equifax's automated systems omit all but the last two or four account numbers reported by data furnishers that have a reported current payment status of "charge off," in addition to many other types of accounts.

29. Equifax's failure to disclose full account numbers in the Disclosure to Plaintiff violates 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file, as recognized in Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019)." ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

30. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to

Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

31. The omission of full account numbers in the Disclosure caused Plaintiff significant emotional distress and difficulty in understanding and verifying her consumer file against her personal records.

32. Furthermore, a 2000 FTC Advisory Opinion (Darcy, June 30, 2000) confirms that a consumer reporting agency's routine truncation of account numbers fails to provide the clear and accurate disclosure of all information in the consumer's file required by 15 U.S.C. § 1681g(a), as evidenced by **Plaintiff's Exhibit B,** attached hereto.

33. Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand her consumer credit disclosure, identify the accounts, and compare those accounts with her own records.

34. The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Equifax, states that:

> **"The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent." (**Emphasis origin**al.)

*See* **Plaintiff's Exhibit C, attached hereto.**

35. The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id*.

36. Upon information and belief, JFC complied with the *Credit Reporting Resource Guide* and reported the names of the true original creditors of its reported accounts.

## Prevalence of Equifax's Account Number Errors

37. Upon information and belief, Equifax's Disclosure provided to Plaintiff was generated using a templated format designed by Equifax. This template pulls data from internal databases and formats it into a standardized disclosure.

38. Upon information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

39. Many consumers receiving their Equifax Disclosures through annualcreditreport.com encounter the same issues: missing account numbers and missing original creditor information.

40. Equifax's error has therefore likely affected thousands of consumers.

41. Despite Equifax being aware of these system flaws for years, Equifax has not made any meaningful changes to correct them. *See, e.g., Justin Purdy vs. Equifax Information Services LLC*, Case No. 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

42. Equifax's knowing and repeated conduct warrants an award of punitive damages.

43. Equifax's noncompliance appears to be a deliberate attempt to minimize operational costs and maximize profit, despite the legal requirement under 15 U.S.C. § 1681g(a).

44. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

45. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived her of this right.

46. Plaintiff has retained legal counsel to represent her in this matter and has assigned her right to recover attorney's fees and costs to her counsel.

## COUNT I

## VIOLATIONS OF THE FCRA

47. The Plaintiff adopts and incorporates paragraphs 1 - 46 as if fully stated herein.

48. Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Plaintiff's request for her consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a *Consumer*, all of the information in her file at the time of the request. Specifically, Equifax disclosed one (1) account reported by JFC without disclosing the full account number or the name of the *Original Creditor* and ten (10) accounts also without the full account numbers, even though full account numbers were reported by the data furnishers.

49. Equifax knowingly provided inaccurate information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

50. Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

51. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that this Honorable Court enter judgment against Equifax for:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o;

e. Such other relief that this Court deems just and proper.

Respectfully submitted:

By: /s/ Naja I. Hawk
**NAJA I. HAWK**
Pleadings@thehawklegal.com
Georgia Bar No. 916396

**THE HAWK LEGAL COLLECTIVE**
730 Peachtree Street NE, #570
Atlanta, GA 30308
Phone: (404) 439-9310
***Counsel for Plaintiff***